McIlvaine, O. J.
On an agreement for the sale of goods to be paid for on delivery, when payment on tender of goods is refused, the vendor can not be deprived of the right of possession against his consent, until payment is made or tendered. Perhaps no one will dispute this proposition.
After tender of the goods and refusal to pay, the vendor may bring his action against the vende.e, and recover the contract price, although the right of possession stiil remains in him.
Granting that the election of the vendor to sue the vendee on the contract for the purchase price, vests in the vendee the right of property, it is nevertheless true, under the 'contract, that the right of possession remains in the vendor in the nature of a pledge to secure the payment of the purchase money, and after judgment, the goods may be seized in execution, as the property of the vendee. I can see no objection to such proceeding by execution at law. J3ut, at all events, if interests be subsequently acquired in the property from the vendee, which would preclude the seizure of the property in the hands of the vendor, as the property of the vendee, it is beyond doubt that equity would take hold of the property, and apply it to the payment of the purchase-money.
Whether the right of the vendor to have the goods sold and remaining in his possession applied to the payment of the purchase-money be at law or in equity, I am satisfied that the right of possession for the purpose of security can not be taken away without his consent.
Beyond doubt, in this case, the vendor, the Jackson Iron Company, did not deliver the goods to the purchaser, Chamberlain. It is true, he tendered the warehouse receipt, according to contract* and demanded payment. Payment being refused, the vendor retained the receipt. The goods were held by Rhodes & Co., warehouse-men, as bailees of the vendor. This relation was not changed.
It is conceded that the Jackson Iron Company recovered a judgment against Chamberlain for the full contract *426 price. After judgment, Chamberlain assigned for the benefit of creditors to Mooney, the plaintiff in the original action, who brought this suit against Rhodes & Co., the bailees of the Jackson Iron Company, for the recovery of the goods. The question in the case was, whether Mooney, as assignee of Chamberlain, or Rhodes & Co., as bailees of the Jackson Iron Company, were entitled to the possession of the goods.
The case below turned upon a single fact. The Jackson Iron Company, in its action against Chamberlain for the purchase price, averred in its petition that the goods had been sold and delivered,. It would undoubtedly have been sufficient to have averred that the goods had been sold and tendered, but, inasmuch as payment was refused by Chamberlain, the possession of the goods had been retained by the plaintiff, who was ready and willing to deliver, upon payment of the price.
In this case, I admit the averment of delivery, in the petition in the former case, was entitled to weight as an admission of the vendor that there had been an actual delivery to the plaintiff’s assignor. But I deny that admission was conclusive between the parties to this suit. Beyond all question it was untrue. I can find no element of estoppel in the admission as against the defendants in this case. Neither the plaintiff nor his assignor was misled by the averment.
On the trial below the case was tried on the theory that in an action by a vendor for full purchase pi’ice, an averment of the delivery of goods is conclusive, and that the subsequent retention of the goods by the vendor as security for the purchase-money is wrongful, although by the contract of sale such retention is stipulated for. In this there was error, for which the judgment below should be reversed.

Judgments reversed, and cause remanded to the court of common pleas for a new trial.